```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

                      CHARLESTON
```

**MARY C. WOODS,**

    **Plaintiff,**

**v.**                                    **CASE NO. 2:05-cv-00239**

**JO ANNE BARNHART,**
**Commissioner of Social Security,**

    **Defendant.**

## PROPOSED FINDINGS AND RECOMMENDATION

This is an action seeking review of the final decision of the Commissioner of Social Security declining to reopen Claimant's previous applications for Supplemental Security Income ("SSI") after finding Claimant disabled as of 1991 on the current application under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f. This case was referred to this United States Magistrate Judge by standing order to consider the pleadings and evidence, and to submit proposed findings of fact and recommendation for disposition, all pursuant to 28 U.S.C. § 636(b)(1)(B). Presently pending before the court are Plaintiff's Motion for Summary Judgment and Defendant's Motion for Judgment on the Pleadings.

Claimant, who was born on June 26, 1967 (Tr. at 189), originally filed an application for SSI on September 1, 1989, though that application is not contained in the record. According

to a decision on a subsequent application, the claim was denied on October 3, 1989, and Claimant did not seek reconsideration. (Tr. at 117.)

Claimant filed a second SSI application on June 13, 1990, alleging disability since birth. (Tr. at 34-39.) The claim was denied on August 9, 1990 (Tr. at 40-43), and Claimant apparently did not request reconsideration.

Claimant filed a third application for SSI on March 1, 1994, and this application also is not included in the transcript of record. (Tr. at 117.) According to a decision on a subsequent application, the State agency denied this application on August 19, 1994. (Tr. at 117.)

On March 12, 1997, Claimant filed the current application for SSI. (Tr. at 189-201.) The claim was denied initially and upon reconsideration. (Tr. at 90-93, 97-98.) On March 6, 1998, Claimant requested a hearing before an Administrative Law Judge ("ALJ"). (Tr. at 99-100.) The hearing was held on August 13, 1999, before the Honorable Paul Buxbaum. (Tr. at 277-327.) By decision dated August 27, 1999, the ALJ denied benefits. (Tr. at 117-34.) On March 8, 2002, the Appeals Council denied Claimant's request for review (Tr. at 146-47), but on June 14, 2002, the Appeals Council remanded Claimant's case to the ALJ because the hearing tape was partially inaudible (Tr. at 148-50). See also Tr. at 759-60, 761-62. On May 1, 2003, a hearing was held on

2

remand before the Honorable Toby J. Buel, Sr. (Tr. at 786-832.) By decision dated July 14, 2003, the ALJ determined that Claimant had been disabled since 1991, but declined to reopen any previous applications. (Tr. at 27.) Claimant appealed the ALJ's decision to the extent he declined to reopen her 1989, 1990 and 1994 prior applications (Tr. at 778-79, 780-85), but the Appeals Council denied Claimant's request for review on January 19, 2005 (Tr. at 16-20). On March 22, 2005, Claimant brought the present action seeking judicial review of the administrative decision pursuant to 42 U.S.C. § 405(g).

Claimant's Challenges to the Commissioner's Decision

Claimant asserts that the Commissioner's decision is not supported by substantial evidence because (1) the ALJ failed to apply Acquiescence Ruling ("AR") 90-4(4), which requires a reopening of prior claims with a prima facie showing that the claimant was mentally incompetent at the time of the determinations; (2) the ALJ constructively reopened the 1994 claim by finding that Claimant has been disabled by virtue of mental impairments since 1991; and (3) the absence of the 1989 and 1994 application files has precluded a full and fair hearing on the issue of reopening in a case where Claimant suffers severe mental impairments. (Pl.'s Br. at 3-12.)

In her request for relief, Claimant seeks the following:

(1) That the court find that the 1994 application has been

3

constructively reopened and remand this case to the Commissioner with directions to award benefits from the protective filing date of that application based upon the ALJ's finding that Claimant has been disabled since 1991;

(2) That the court require the Commissioner to locate and make part of the record the 1989 and 1994 claims;

(3) That the court require the Commissioner to locate and make part of the record the complete file for the claim made in 1990 and to determine whether there has been a de facto reopening of that claim by virtue of the ALJ's finding that Claimant has been disabled since 1991;

(4) That pursuant to Culbertson v. Secretary of Health and Human Services, 859 F.2d 319 (4th Cir. 1988), Young v. Bowen, 858 F.2d 951, 954 (4th Cir. 1988) and AR 90-4(4) the court find, based upon Claimant's mental restrictions, that the Commissioner is mandated to reopen the 1989, 1990 and 1994 claims for consideration of those claims on the merits based upon the prima facie showing of Claimant's mental incompetence at the time those cases were determined or, in the alternative, that the Commissioner hold an evidentiary hearing to determine Claimant's mental competence at the time of the prior applications; and

(5) That the court order such further administrative hearings as may be required to insure Claimant receives a full and fair determination on her 1989, 1990 and 1994 applications and for such

other relief as the fair administration of justice may require. (Pl.'s Br. at 10-11.)

At the outset, the Commissioner conceded that she has agreed to reopen Claimant's 1994, application and award benefits based on that application. Thus, according to the Commissioner, "Plaintiff's third application for benefits is no longer at issue herein." (Def.'s Br. at 3.) The Commissioner further asserts that the court lacks jurisdiction on the Commissioner's decision not to reopen Claimant's other applications. The Commissioner argues that although this court may have jurisdiction to consider whether the Commissioner's refusal to reopen the prior claim was proper if she asserts a colorable constitutional claim pursuant to Culbertson, Claimant has not alleged a constitutional claim in the instant matter. In addition, the Commissioner asserts that Claimant's argument that the ALJ de facto reopened the prior 1989 and 1990 claims has no merit. "At best, the ALJ found Plaintiff disabled as of 1991, a period after the denial of the two prior applications at issue. (Def.'s Br. at 9-10.) Thus, Plaintiff's argument for a de facto reopening of the 1989 and 1990 applications fails factually and no legal analysis of this argument is required." (Def.'s Br. at 10.) The Commissioner further asserts that assuming arguendo that the court has jurisdiction over Claimant's request to reopen the 1989 and 1990 claims, the ALJ properly applied the regulations related to reopening. (Def.'s Br. at 11-15.)

Cases decided by the United States Supreme Court and the United States Court of Appeals for the Fourth Circuit make clear that federal courts lack subject matter jurisdiction to review the Commissioner's refusal to reopen a prior determination. See Califano v. Sanders, 430 U.S. 99 (1977); McGowen v. Harris, 666 F.2d 60 (4th Cir. 1981); Cleaton v. Secretary, Dep't HHS, 815 F.2d 295 (4th Cir. 1987). However, when a claimant asserts a colorable constitutional claim, the court has jurisdiction to consider whether the Commissioner's refusal to reopen the prior determination was proper. Califano, 430 U.S. at 109; McGowen, 666 F.2d at 65; Shrader v. Harris, 631 F.2d 297, 299-300 (4th Cir. 1980); Young v. Bowen, 858 F.2d 951, 954 (4th Cir. 1988); Culbertson, 859 F.2d at 322.

In Culbertson, our Court of Appeals held that the Secretary, now Commissioner, may not invoke res judicata or administrative finality to prevent review of a previous claim that was denied without appeal, even if the claimant does not satisfy the requirements for reopening contained in the regulations[1], where the

---

[1] The regulations provide as follows:
A determination, revised determination, decision, or revised decision may be reopened-

(a) Within 12 months of the date of the notice of the initial determination, for any reason;
(b) Within two years of the date of the notice of the initial determination if we find good cause, as defined in § 416.1489, to reopen the case; or
(c) At any time if it was obtained by fraud or similar fault. In determining whether a determination or decision was obtained by fraud or similar fault, we will take into account any physical, mental, educational, or linguistic limitations (including any lack

claimant applied pro se and "lacked both the mental competence and legal assistance necessary to contest the initial determination." Culbertson, 859 F.2d at 323. In Culbertson, the plaintiff was a mentally retarded thirty-year old whose father had initially applied for benefits on her behalf. Thereafter, plaintiff filed her own application, which also was denied. She then filed a third application, obtained counsel and was awarded benefits based on "an overwhelming nonexertional impairment which rendered her disabled prior to age 22." Id. at 321. In addition, the ALJ reopened the claim filed by claimant's father and awarded benefits from the date of this initial application. Id. Following protracted administrative proceedings in which the Appeals Council and the ALJ were at odds, the claimant appealed to the district court. The district court initially remanded the case for a supplemental hearing because of inadequacies in the transcript from the administrative hearing. The ALJ again awarded benefits on the

---

of facility with the English language) which you may have had at the time.

20 C.F.R. § 416.1488 (2003). "Good cause" is defined as follows:

(a) We will find that there is good cause to reopen a determination or decision if--
(1) New and material evidence is furnished;
(2) A clerical error was made; or
(3) The evidence that was considered in making the determination or decision clearly shows on its face that an error was made.
(b) We will not find good cause to reopen your case if the only reason for reopening is a change of legal interpretation or administrative ruling upon which the determination or decision was made.

20 C.F.R. § 416.1489 (2003).

claimant applied pro se and "lacked both the mental competence and legal assistance necessary to contest the initial determination." Culbertson, 859 F.2d at 323. In Culbertson, the plaintiff was a mentally retarded thirty-year old whose father had initially applied for benefits on her behalf. Thereafter, plaintiff filed her own application, which also was denied. She then filed a third application, obtained counsel and was awarded benefits based on "an overwhelming nonexertional impairment which rendered her disabled prior to age 22." Id. at 321. In addition, the ALJ reopened the claim filed by claimant's father and awarded benefits from the date of this initial application. Id. Following protracted administrative proceedings in which the Appeals Council and the ALJ were at odds, the claimant appealed to the district court. The district court initially remanded the case for a supplemental hearing because of inadequacies in the transcript from the administrative hearing. The ALJ again awarded benefits on the

---

of facility with the English language) which you may have had at the time.

20 C.F.R. § 416.1488 (2003). "Good cause" is defined as follows:

(a) We will find that there is good cause to reopen a determination or decision if--
(1) New and material evidence is furnished;
(2) A clerical error was made; or
(3) The evidence that was considered in making the determination or decision clearly shows on its face that an error was made.
(b) We will not find good cause to reopen your case if the only reason for reopening is a change of legal interpretation or administrative ruling upon which the determination or decision was made.

20 C.F.R. § 416.1489 (2003).

earlier application, concluding that Claimant lacked the intellectual ability and emotional maturity necessary to assert her rights in 1976. Id. at 321-22. Upon return to the district court, it remanded to the Commissioner once again, finding that because the claimant's father filed the first application on the claimant's behalf, it was his competence that controlled any due process analysis of the Commissioner's ultimate decision not to reopen. Id. at 322.

The Fourth Circuit reversed, ruling that it was the mental competency of the claimant, not her father, that was at issue. Id. at 324. The Fourth Circuit reasoned that "[i]n filing the 1976 application in his daughter's name, claimant's father did little more than serve as willing volunteer." Id. The Fourth Circuit noted that its previous decision in Shrader v. Harris, 631 F.2d 297, 301-02 (4th Cir. 1980), "prohibits the Secretary from binding a claimant to an adverse ruling when that individual lacked both the mental competence and legal assistance necessary to contest the initial determination." Id. at 323.

After Culbertson and the similar case of Young (wherein the claimant was mentally ill), the Social Security Administration ("SSA") issued AR 90-4(4) in which it stated that the holdings in Culbertson and Young

> mandate that SSA reopen an otherwise final administrative determination at any time when a claimant, who had no individual legally responsible for prosecuting the claim (e.g., a parent of a claimant who is a minor, legal

> guardian, attorney, or other legal representative) at the time of the prior determination, establishes a prima facie case that mental incompetence prevented him or her from understanding the procedure necessary to request administrative review unless it holds an evidentiary hearing and determines that mental incompetence did not prevent the claimant from filing a timely appeal.

AR 90-4(4), *4 (July 16, 1990).

SSA stated that the AR would be applied within the Fourth Circuit as follows:

> Where an initial or reconsideration determination based on an application filed by or on behalf of a claimant, who had no individual legally responsible for prosecuting the claim (e.g., a parent of a claimant who is a minor, legal guardian, attorney, or other legal representative), has become final (i.e., the 60 day time limit for requesting administrative review has expired) and the claimant presents a prima facie case that mental incompetence prevented him or her from understanding the procedures necessary to contest that determination, SSA will determine whether the claimant actually did not understand the procedures necessary for requesting review of the prior determination.  If the adjudicator determines that a prima facie case is sufficiently conclusive to establish that the claimant did not have the mental competence necessary to request review of the prior determination, then he or she will not apply res judicata or administrative finality, but will reopen the prior determination and issue a revised determination. However, if there is a question of the sufficiency of the prima facie case, the adjudicator will hold an evidentiary hearing to determine the claimant's mental competence at the time of the prior determination.

AR 90-4(4), *5.  SSA defined a prima facie case of mental incompetence as "one which presents evidence which, if uncontradicted, is sufficient to establish that the claimant lacked both the mental competence and the legal assistance necessary to request administrative review of the prior determination."  Id.

As an initial matter, the court proposes that the presiding District Judge find subject matter jurisdiction to consider the Commissioner's refusal to reopen the prior claims.  Claimant has sufficiently asserted a colorable constitutional claim.  Indeed, Claimant asserted <u>Culbertson</u> as a grounds for reopening on *multiple* occasions:

(1) On August 13, 1999, at the first administrative hearing on the current application and prior to remand by the Appeals Council, the ALJ and Claimant's counsel briefly mentioned <u>Culbertson</u> as the only possible grounds for reopening (Tr. at 324);

(2) In a letter dated May 20, 2002, to the Appeals Council following the first ALJ's decision on the current application, Claimant's counsel stated that the basis for her request to reopen the 1989, 1990 and 1994 applications was <u>Culbertson</u>, <u>Young</u> and AR 90-4(4) and that "[d]ue to her significantly subaverage mental abilities, the Claimant had no understanding of these procedures or her rights" (Tr. at 164);   (3) In an affidavit of the Claimant dated June 4, 2003, Claimant  stated that she had been told by her attorney that she filed disability claims in 1989, 1990, 1994 and 1997; that she had never had an attorney representing her until 1998; that she was directed to file these various claims by others and that she "does not now and never has understood the Social Security Appeals process and would not have been able to file or pursue any appeals by herself" (Tr. at 328);

(4) Several days after the hearing before the ALJ on remand from the Appeals Council and by letter dated May 5, 2003, to the ALJ, Claimant's counsel again requested reopening based on Culbertson (Tr. at 761-62);

(5) On or around June 1, 2003, in her brief to the ALJ following remand by the Appeals Council, Claimant asserted that the ALJ should reopen the previous applications, noted she had requested that the prior applications be retrieved but had not received all of them and again cited AR 90-4(4) as a grounds for reopening (Tr. at 763, 767); and

(6) In letters to the Appeals Council dated September 4, 2003, and January 30, 2004, following the ALJ's decision not to reopen the prior applications, Claimant again cited Culbertson, argued in favor of reopening and even attached AR 90-4(4) to the September 4, 2003, letter (Tr. at 778-79, 780-85).

In spite of the multiple instances on which Claimant asserted Culbertson and her mental incompetence as grounds for reopening the prior applications, not once does the Commissioner, through the Appeals Council or the ALJ, address the issue.  In the first ALJ's decision, which was ultimately remanded by the Appeals Council, the ALJ found it unnecessary to address the reopening issue since the current application was denied. (Tr. at 117.)  Following remand by the Appeals Council, the current ALJ made the following finding regarding reopening:

>Also at issue is the question of whether the unfavorable decision made with respect to the prior claim may be reopened and revised.  Where the application is filed within the one-year period following the date the claimant is notified of the initial decision made with respect to the prior application, the earlier decision is amenable to reopening and revision for any reason.  A determination made with respect to a claim filed within four years for disability insurance benefits and within two years for supplemental security income payments, may be reopened and revised for good cause.  Good cause is established if new and material evidence is submitted, there has been a computation error, or the evidence considered in making the earlier determination clearly shows on its face that an error was made.  Beyond four years for disability insurance benefits and two years for supplemental security income payments, the earlier decision is amenable to reopening and revision only if it is proved that it was the product of fraud or similar fault (20 CFR 404.987 et seq. and 416.1487 et seq).  After a review of all the evidence, the undersigned has concluded that there are no grounds upon which the earlier decision may be reopened.  Consideration will therefore be given only to the question of whether the claimant may receive benefits by virtue of his [sic] current application.  Also, the undersigned finds that the old medical evidence of record varies in degree to the severity so that a clear picture is not possible.  With the claimant's diagnosis of borderline intellectual functioning and observations, the undersigned finds that the claimant is not entitled to benefits prior to the protective filing date of March 12, 1997 herein, though the matter is not without doubt.

(Tr. at 26-27.)  The Appeals Council, in its January 19, 2003, decision, made the following findings regarding reopening:

>You asked us to reopen (look again at) and change the final determination on your earlier application. However, the Administrative Law Judge already considered your request.  You cited June 5, 1995 (date of reconsideration notice on the March 1994 application) as the date the Administrative Law Judge should have used to consider reopening, however he properly used the date of the initial determination which was August 19, 1994.  Thus, the time period for reopening the prior determination had expired.  With respect to your request

> to consider your prior applications under the guidelines of rulings SSR-91-5p and 95-1p, the Council is of the opinion good cause has not been established to miss the deadline to request review.

(Tr. at 18.)

The Commissioner's decision denying reopening is fundamentally flawed and unsupported by substantial evidence in that she failed to address the Culbertson issue repeatedly raised by Claimant. As a result, the court proposes that the presiding District Judge remand this matter for further proceedings as outlined below. AR 90-4(4) imposes specific obligations on the Commissioner to determine whether Claimant had an individual legally responsible for prosecuting her earlier claims and, if not, whether she established a prima facie case that mental incompetence prevented her from understanding the procedures necessary to contest the initial denial of benefits. Furthermore, "the [Commissioner] is required by both the Social Security Act, 42 U.S.C. § 405(b), and the Administrative Procedure Act, 5 U.S.C. § 557(c), to include in the text of [her] decision a statement of the reasons for that decision." Cook v. Heckler, 783 F.2d 1168, 1172 (4th Cir. 1986). The absence of any meaningful explanation by the Commissioner as to Claimant's mental competence at the time of her previous applications and denials constrains the court to conclude that the Commissioner failed to consider this issue. The closest the ALJ comes to broaching the subject is the suggestion in his decision that Claimant was diagnosed only with borderline intellectual

13

functioning and that she is not entitled to benefits prior to her protective filing date of March 12, 1997, "though the matter is not without doubt." (Tr. at 27.) This rather vague statement only further confuses the issue and confirms there was no careful consideration by the ALJ about whether Claimant satisfied the requirements of AR 90-4(4).

As a result, the court respectfully recommends that this matter be remanded for consideration by the Commissioner of the applicability of <u>Culbertson</u> and AR 90-4(4). The Commissioner must determine whether Claimant had an individual legally responsible for prosecuting her claims and, if not, whether she established "a prima facie case that mental incompetence prevented . . . her from understanding the procedures necessary to request administrative review . . . ." AR 90-4(4), *4. If the Commissioner determines that a prima facie case is sufficiently conclusive to establish that Claimant did not have the mental competence necessary to request review of the prior determinations, then the Commissioner should reopen the prior determinations and issue revised determinations. However, if there is a question of the sufficiency of the prima facie case, the Commissioner should hold an evidentiary hearing to determine Claimant's mental competence at the time of the prior determinations. <u>Id.</u>

Regarding the specific relief requested by Claimant, the court proposes that the presiding District Judge find as follows:

(1) Grant Claimant's request that the court find that the 1994 application has been constructively reopened and remand this case to the Commissioner with directions to award benefits from the protective filing date of that application based upon the ALJ's finding that Claimant has been disabled since 1991 in light of the Commissioner's assertions that she will "reopen Plaintiff's third application for benefits dated March 1, 1994 and award benefits based on that application" (Def.'s Br. at 3 n.1);

(2) Grant Claimant's request that the Commissioner locate and make part of the record the 1989 and 1994 claims, to the extent those files can be located;

(3) Grant Claimant's request that the Commissioner locate and make part of the record the complete file for the claim made in 1990 and to determine whether there has been a de facto reopening of that claim by virtue of the ALJ's finding that Claimant has been disabled since 1991;

(4) Deny Claimant's request that the Commissioner reopen Claimant's previous claims based on Culbertson and AR 90-4(4) and instead, require the Commissioner to comply with the requirements of AR 90-4(4); and

(5) Grant Claimant's request that the court order such further administrative hearings as may be required to insure Claimant receives a full and fair determination on her 1989 and 1990 applications, to the extent AR 90-4(4) mandates reopening of those

claims.

For the reasons set forth above, it is hereby respectfully RECOMMENDED that the presiding District Judge GRANT the Plaintiff's Motion for Summary Judgment as outlined above and otherwise DENY Plaintiff's Motion also as outlined above, DENY the Defendant's Motion for Judgment on the Pleadings, REVERSE the final decision of the Commissioner, and REMAND this case for further proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g) and DISMISS this matter from the court's docket.

The parties are notified that this Proposed Findings and Recommendation is hereby FILED, and a copy will be submitted to the Honorable Robert C. Chambers.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have ten days (filing of objections) and then three days (mailing/service) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  Snyder

v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Chambers, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to counsel of record.

   January 25, 2006                             /s/ Mary E. Stanley
       Date                                    Mary E. Stanley
                                              United States Magistrate Judge